IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR M. CONSTANCIO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RON BROOMFIELD,<br><br>　　　　Respondent. | No. 2:22-CV-1277-DJC-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's unopposed motion to dismiss the petition as untimely, ECF No. 22.

**I. BACKGROUND**

　　　　Petitioner pleaded no contest to attempted second-degree murder and to personally and intentionally discharging a firearm in the commission of the offense. See ECF No. 22, pg. 1. Petitioner was sentenced to a determinate prison term of 25 years. See id. Petitioner's direct appeal was dismissed by the California Court of Appeal on June 9, 2009, because Petitioner had not obtained a certificate of probable cause. See id. at 2. Petitioner did not seek direct review by the California Supreme Court. See id. Petitioner filed one state post-conviction action in the California Supreme Court on September 20, 2010. See id. That action was denied on April 13,

2011, with citation to In re Robbins, 18 Cal. 4th 770, 780 (1998).  See id.

The instant federal petition was filed on June 8, 2022.  See ECF No. 1.

## II.  DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between

state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, Petitioner did not seek review by the California Supreme Court following the dismissal of his direct appeal by the California Court of Appeal on June 9, 2009. Thus, the conviction became final 40 days following the Court of Appeal's decision – July 19, 2009. The limitations period began to run the following day – July 20, 2009 – and, absent tolling, expired on July 19, 2010. The single state court post-conviction action does not entitle Petitioner to statutory tolling because it was filed on September 20, 2010, two months after the one-year limitations period had already expired on July 19, 2010. The Court agrees with Respondent that the instant federal petition must be dismissed as untimely.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Respondent's unopposed motion to dismiss, ECF No. 22, be GRANTED.

2. This action be DISMISSED as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 23, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE